NO. 07-06–0393-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 18, 2007
_____

RICHARD L. WILLIAMS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 114TH DISTRICT COURT OF SMITH COUNTY;

NO. 114-2003-03; HONORABLE CYNTHIA KENT, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER ON ABATEMENT AND REMAND**

Appellant, Richard L. Williams, Jr., appeals his conviction and sentence for possession of marijuana. The clerk's record, which was due no later than November 13, 2006, and the reporter's record, which was due no later than December 7, 2006, have not been received. On December 4, this court was notified by the district clerk that appellant had not paid or made arrangements to pay for the record. On December 8, this court was notified by the court reporter that appellant had neither submitted a request for preparation of the record nor had paid or made arrangements to pay for the record. This court sent

letters to appellant's retained counsel directing him to certify to the clerk of this court, in writing, whether he had complied with Texas Rules of Appellate Procedure 34.6(b)(1), 35.3(a)(2), and 35.3(b)(2),(3) on or before January 2, 2007.[1]  As of this date, no response has been received.

Because appellant has failed to comply with this court's directives, we now abate the appeal and remand the cause to the 114th District Court of Smith County.  The judge of said court is ordered to convene a hearing, after notice to appellant and other parties in interest, to determine the following matters:

1.      whether appellant desires to prosecute this appeal;

2.      if appellant desires to prosecute this appeal, whether appellant is indigent;

3.      whether appellant is entitled to a clerk's record and reporter's record, without charge to appellant;

4.      whether appellant is entitled to appointed counsel;

5.      whether appellant has been denied the effective assistance of counsel from the delay encountered in prosecuting this appeal; and

6.      what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal, if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk's and reporter's records will be promptly filed and that the appeal will be diligently pursued.

If the court determines that appellant is indigent and has been denied the effective assistance of counsel, we order it to appoint counsel for appellant.

---

[1]For purposes of clarity, we identify the later due date for the certification.  However, we note that appellant's counsel was directed to file his certification with reference to the clerk's record on or before December 28, 2006.

2

We further order the court to cause a supplemental clerk's record to be developed. The supplemental clerk's record shall include (1) a transcription of the hearing convened to determine the issues itemized above, (2) findings of fact and conclusions of law determining the issues itemized above, and (3) all orders made in accordance with this opinion. We order the court to cause the supplemental clerk's record to be filed with the clerk of this court on or before February 19, 2007.

If the trial court determines that the present attorney for appellant should be replaced, the court shall cause the clerk of this court to be furnished the name, address, and State Bar identification number of the newly-appointed attorney as soon as practicable.

Per Curiam

Do not publish.